IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ARTHUR L. STANLEY,

        Petitioner,

vs.                                             CIVIL NO. 16-00199-DRH

WILSON,

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Arthur L. Stanley is currently a prisoner in the St. Clair County Jail. Proceeding *pro se*, he purportedly "removes" the present action to "appeal" and/or "quash" St. Clair County Circuit Judge Vincent J. Lopinot's February 16, 2016, judgment finding Stanley in criminal contempt and sentencing him to 30 days in jail. *See Wilson v. Stanley*, Case No. 15-LM-1379 (Ill. 20th Cir., St. Clair Co., 2016). Stanley also requests that Judge Lopinot be disqualified from the underlying case. The Court liberally construes Stanley's pleading as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

As a preliminary, it is helpful to understand that Stanley is no stranger to this Court. He recently removed four cases from the Circuit Court for St. Clair County. In those cases he seeks monetary damages against a host of Illinois and Missouri government officials involved in legal proceedings against him (apparently related to child support and eviction). *See* SDIL Case Nos. 15-cv-1041-SMY; 15-cv-1252-SMY; 15-cv-1315-SMY; and 16-125-SMY. Stanley's cases have in three instances been remanded to the state court for want of jurisdiction, but they remain active in various post-judgment postures. Although Stanley refers to "removing" the present petition, it appears that the case is being originated in this district court and the Court will proceed accordingly.

*In Preiser v. Rodriguez,* 411 U.S. 475 (1973), the Supreme Court held that habeas corpus (28 U.S.C. § 2254) is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *See also Heck v. Humphrey,* 512 U.S. 477, 481 (1994). The Court of Appeals for the Seventh Circuit has further explained, "[s]tate prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits *or equivalent sentence-shortening devices*, must seek habeas corpus, because they contest the fact or duration of custody." *Moran v. Sondalle,* 218 F.3d 647, 650–51 (7th Cir. 2000) (emphasis added).

Putting aside that it does not appear that Stanley's custodian (the St. Clair County Sheriff) has been named as a respondent; the Court cannot proceed under Section 2254. The judgment of contempt being challenged was issued only eight

days before this petition was filed. The petition's reference to this being an "appeal" further suggests that a direct appeal has not been filed in the state court system. Rather, Stanley has proceeded directly to federal court.

Section 2254 generally requires state prisoners to exhaust available state remedies *before* seeking habeas review in federal court:

> (b)(1) An applicant for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) *the applicant has exhausted the remedies available in the courts of the State;* or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) *circumstances exist that render such process ineffective to protect the rights of the applicant.*

28 U.S.C. § 2254(b)(1) (emphases added). Stanley has not offered any justification for not exhausting state court remedies. The fact that his sentence will be completed in approximately two weeks is not, by itself, cause for sidestepping available state remedies. Therefore, the petition is premature and must be dismissed.

**IT IS HEREBY ORDERED** that, for the reasons stated, Arthur L. Stanley's Section 2254 habeas corpus petition (Doc. 1) is **DISMISSED without prejudice** and with leave to refile as a new case when state remedies have been exhausted.

This is a nonfinal, nonappealable order. *See Gacho v. Butler*, 792 F.3d 732, 733 (7th Cir. 2015), and the Court **DECLINES** to issue a certificate of

appealability.  The Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**Signed this 1st day of March, 2016**

Digitally signed by Judge David R. Herndon
Date: 2016.03.01 10:52:18 -06'00'

United States District Court